OPINION
{¶ 1} Anthony Seay entered a plea of guilty to fourth degree felony possession of crack cocaine, a violation of R.C. 2925.11(A)(C)(4)(b). After referring the matter for a pre-sentence investigation report, the trial court sentenced Seay to seventeen months imprisonment.
 {¶ 2} Seay advances a single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN FAILING TO SATISFY THE STATUTORY OBLIGATION TO CONSIDER WHETHER COMMUNITY CONTROL SANCTIONS WOULD HAVE BEEN CONSISTENT WITH THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING AS SET FORTH IN SECTION 2929.11 OF OHIO REVISED CODE."
 {¶ 4} Seay makes three contentions under this assignment: the trial court failed to "relate its statements" to the facts of the case; the trial court gave no indication that it had considered community control; the trial court failed to follow the sentencing dictates of R.C.2929.19(B)(2).
 {¶ 5} Considering these contentions in reverse order, Seay relies upon R.C. 2929.19(B)(2)(a) in arguing that the trial court failed to follow the dictates of the applicable sentencing statute. That subsection provides:
 {¶ 6} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 7} "(a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that isa violation of a provision of Chapter 2925. of the Revised Code and thatis specified as being subject to division (B) of section 2929.13 of theRevised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." (Emphasis ours).
 {¶ 8} The problem with this argument is that the offense to which Seay pleaded guilty is exempted from the operation of this subsection because it is not "specified as being subject to division (B) of section 2929.13
of the Revised Code for purposes of sentencing." See R.C.2925.11(A)(C)(4)(b) which provides that there is a presumption of a prison term for Seay's offense, and which is silent as to whether R.C.2929.13(B) applies in determining whether a prison term should be imposed. [Contrast R.C. 2925.11(A)(C)(4)(b) with R.C. 2925.11(A)(C)(4)(a), which expressly states "(e)xcept as provided in division (C)(4)(b) . . . division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."] Thus, R.C. 2929.19(B)(2)(a) has no application to Seay's offense.
 {¶ 9} Turning to Seay's contention that the trial court did not indicate it had considered community control, we are not persuaded that this is so. First of all, the presentence investigation report, which is part of the record, appears to have recommended community control sanctions. The trial court expressly stated it had reviewed the report. The trial court necessarily considered this recommendation in determining to reject it. Secondly, the trial court's discussion of Seay's criminal record, his failure to favorably respond to previously imposed sanctions, his pattern of unacknowledged drug use, and his lack of remorse served to justify the rejection of community control sanctions as a sentencing option. In short, the fact that the court did not impose community control sanctions does not indicate that this sentencing option was not considered.
 {¶ 10} Finally, the fact that the trial court did not "relate its statements" to the facts of the case, even if true, would not furnish a basis for reversal. As indicated above, R.C. 2929.19(B)(2)(a), which requires that reasons be given, has no application. The court did not impose a maximum sentence, which would have required a statement of reasons. R.C. 2929.19(B)(2)(d). The trial court was required to make the findings required by R.C. 2929.14(B)(1)(2) for imposition of a greater than minimum sentence, which it did.
 {¶ 11} We find no prejudicial error in the trial court's imposition of sentence.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment will be affirmed.
 . . . . . . . . . .
Fain, J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)